3/4/2022 11:32 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 62305124
By: Marcella Hill
Filed: 3/4/2022 11:32 AM

NO. _____

| | | |
|---|---|---|
| REBA SUMMERS<br>　　　Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§ | _____ JUDICIAL DISTRICT |
| THE KROGER CO. and<br>KROGER TEXAS, L.P.<br>　　　Defendants | §<br>§<br>§<br>§ | HARRIS COUNTY TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

REBA SUMMERS ("Plaintiff") files this Plaintiff's Original Petition complaining of THE KROGER CO. and KROGER TEXAS, L.P. ("Defendants") and respectfully show as follows.

### I.
### DISCOVERY PLAN LEVEL 3

1. Plaintiff requests that this lawsuit be governed by Discovery Plan Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2. Plaintiff REBA SUMMERS is an individual resident of Houston, Harris County, Texas.

3. Defendant THE KROGER CO. is an Ohio corporation doing business in the State of Texas. THE KROGER CO. has sufficient contacts with Texas that, under the Texas Long-Arm Statute, Section 17.044 *et seq.* of the Texas Civil Practice and Remedies Code, it can be served with process by serving its registered agent: Corporation Service Company d/b/a CSC-Lawyers Inc. 211 E. 7th Street, Austin, TX 78701. **Service of citation is requested at this time.**

4. Defendant KROGER TEXAS, L.P. is an Ohio entity doing business in the State of

-1-

**EXHIBIT A**

Texas. KROGER TEXAS, L.P. has sufficient contacts with Texas that, under the Texas Long-Arm Statute, Section 17.044 *et seq.* of the Texas Civil Practice and Remedies Code, it can be served with process by serving its registered agent: Corporation Service Company d/b/a CSC-Lawyers Inc. 211 E. 7th Street, Suite 620 Austin, TX 78701. **Service of citation is requested at this time.**

## III.
## JURISDICTION AND VENUE

5.  This court has jurisdiction over this case and the damages sought are within the jurisdictional limits of this court. Venue is proper in Harris County, Texas, because this is the county where the incident made the basis of this suit occurred.

6.  In accordance with Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees.

## IV.
## FACTUAL BACKGROUND

7.  On or about August 10, 2020 Reba Summers was an invitee at the Kroger grocery store located at 12222 Jones Road, Houston, Texas 77070. Plaintiff was injured due to the negligence and gross negligence of Defendants. As Ms. Summers was walking into the store, she stepped up onto a curb at the front entrance. A large piece of concrete was broken from the curb, catching Ms. Summers' foot and causing her to fall in a twisting motion. Ms. Summers suffered injuries to left femur and has suffered pain since the incident.

**EXHIBIT A**

## V.

## CAUSES OF ACTION

### COUNT 1 – NEGLIGENCE

8. Plaintiff would show unto the Court and Jury that the incident described hereinabove and Plaintiff's injuries and damages were caused by the negligence of the Defendants including, but not limited to, the following:

(1) In failing to maintain its premises in a reasonably safe condition;

(2) In failing to inspect its premises for hazardous conditions;

(3) In failing to warn its customers, such as Plaintiff, of the hazardous conditions;

(4) In failing to eliminate or remove the unsafe and unreasonably dangerous conditions which caused a hazard to its customers;

(5) Such other and further acts of negligence which may be shown after discovery in this cause.

9. Each of the above and foregoing acts of negligence was a direct and proximate cause of Plaintiff's injuries and damages.

10. Moreover, because the evidence may show that Defendants acted in disregard of Plaintiff's safety and welfare, it may be guilty of gross negligence for which Plaintiff would, if appropriate, also seek the recovery of exemplary damages.

### COUNT 2 – PREMISES LIABILITY TO INVITEE

11. Defendant was in control of the premises at 12222 Jones Road, Houston, Harris County, Texas 77070.

12. Plaintiff entered Defendants' premises with Defendants' knowledge and invitation, for their mutual benefit. Plaintiff was an "invitee" as that term is understood under Texas Law.

13. A condition on Defendants' premises posed an unreasonable risk of harm.

**EXHIBIT A**

Specifically, the curb to access the premises was broken and uneven, and posed an unreasonable risk of harm to customers.

14. Defendants knew or reasonably should have known of the condition of the premises because its employees or agents were supposed to be monitoring the area and it had sole control of the premises.

15. Defendants had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendants breached the duty of ordinary care by failing to maintain the curb areas in good repair then inviting Ms. Summers to enter the premises. Allowing Plaintiff and others to access the premises via uneven and dangerous paved areas in the name of profit and at the expense of safety created an unreasonably dangerous environment for Plaintiff and other invitees. ]

16. Defendants breach of duty proximately caused injury to Plaintiff, which resulted in the Plaintiff's damages.

## COUNT 3- GROSS NEGLIGENCE

17. Plaintiff would show (a) that Defendants' acts or omissions, when viewed objectively from the Defendants' standpoint at the time they occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, or (b) that Defendants had actual, subjective awareness of the risk but proceeded anyway with a conscious indifference to the safety or welfare of others. Because Plaintiff would show, therefore, that the harm with respect to which she seeks recovery results from gross negligence, Plaintiff is also entitled to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

**EXHIBIT A**

## VI.
## DAMAGES

18. Because Plaintiff's injuries were proximately caused by Defendants' negligence and gross negligence, Plaintiff is entitled to reasonable and proper compensation for the following legal damages:

    a. past medical bills;

    b. future medical bills;

    c. past and future mental anguish;

    d. past and future impairment and disfigurement;

    e. past and future pain and suffering;

    f. exemplary damages;

    g. court costs; and

    h. any other relief to which Plaintiff may be entitled.

19. Plaintiff is requesting that she be awarded damages by the jury in an amount that the jury deems just and fair in an amount within the jurisdictional limits of this court.

## VII.
## JURY DEMAND

20. Pursuant to Texas Rule of Civil Procedure 216, Plaintiff requests a trial by jury and would show that the appropriate fee has already been paid.

## VIII.
## PRAYER

Plaintiff prays that she have judgment against Defendants for actual damages shown and proved at trial, for prejudgment and post-judgment interest, exemplary damages and for costs of court and for all other relief, legal and equitable, to which she is entitled.

**EXHIBIT A**

Respectfully submitted,

THE LANIER LAW FIRM, P.C.

By: */s/ Felicia M. Hubert*
    Felicia M. Hubert
    State Bar No. 17635900
    Felicia.hubert@lanierlawfirm.com
    10940 W. Sam Houston Pkwy N., Suite 100
    Houston, Texas 77064
    Telephone: (713) 659-5200
    Telecopier: (713) 659-2204

ATTORNEYS FOR PLAINTIFF

**EXHIBIT A**